■ In the Matter of NATHANIEL ROBINSON, JR., Respondent, v BENJAMIN WARD, as Police Commissioner of the City of New York, Appellant.—Judgment, Supreme Court, New York County (Stanley Parness, J.), entered February 19, 1991, which granted petitioner's application for a judgment pursuant to CPLR article 78 annulling respondent's determination to revoke petitioner's pistol license, unanimously reversed, on the law, the proceeding treated as one transferred to this court pursuant to CPLR 7804 (g), and, upon such transfer, respondent's determination is confirmed, the petition denied and the proceeding dismissed, without costs.

Although it was error for the IAS court to entertain the substantial evidence question instead of transferring the proceeding as required by CPLR 7804 (g), this court may address that question upon a de novo review of the record (*Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840, *rearg denied* 69 NY2d 985). Upon such review, we find that respon-

dent's determination to revoke petitioner's pistol license is supported by substantial evidence, including proof that petitioner showed poor judgment in the manner in which he carried the weapon and when questioned by the police about the gun he falsely denied possessing a second loaded gun. Also noted by us is petitioner's lack of candor and cooperation at the three administrative hearings preceding revocation. We also conclude that the penalty of revocation is not so disproportionate to the offense as to shock the conscience *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Sullivan, J. P., Wallach, Kassal and Rubin, JJ.