■ In the Matter of ALVIN GOLDSTEIN, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, Respondent.—Petition, brought pursuant to CPLR article 78 challenging the respondent's determination dated June 13, 1989 denying his application for a license to carry a concealed weapon, transferred to this Court by an order of Supreme Court, New York County (Francis M. Pecora, J.) entered December 18, 1991, unanimously granted insofar as to remand the matter to the respondent for a further explanation of his denial of petitioner's application, without costs.

Petitioner, the publisher of Milky Way Productions, Inc., currently possesses a license to keep a pistol at his residence. He has made three prior applications for a concealed weapons permit. Petitioner, in his latest application filed March 14, 1989 sets forth two grounds in support of his application. The first is that the nature of petitioner's work, which includes the publication of "Screw Magazine", renders him a controversial and unpopular figure which in turn places him at greater risk of physical harm than others. In support of this ground petitioner included photocopies of mailed threats, newspaper articles and a telephone log containing threats against his life. The second ground advanced by the petitioner is that he

carries large amounts of cash. In support of this claim petitioner submitted bank ledgers, bank statements and tax statements for Milky Way Productions, Inc.

By notice dated June 13, 1989 petitioner's application was denied because he "[f]ailed to show need sufficient to distinguish [him]self from the countless others, in every conceivable occupation, who do business in New York City without the benefit of a license to carry a concealed weapon". On June 28, 1989 petitioner filed a formal appeal from the denial and requested an administrative hearing. In July 1989 petitioner made a request pursuant to the Freedom of Information Law (FOIL) for access to the public records maintained by the Police Department relating to the issuance of concealed weapons permits to others. The Department did not provide any of the requested documents prior to the commencement of the Administrative Hearing, which commenced on September 26, 1989 and continued on November 1, 1989, November 11, 1989 and April 4, 1990.

The petitioner's appeal was denied by notice dated May 15, 1990. By letter dated June 4, 1990 petitioner filed a further appeal with the commanding officer of the New York City Police Department License Division. In January 1991 the Department granted petitioner the access to its records originally requested in July 1989. Thereafter, the petitioner was permitted to submit a letter supplementing the June 4, 1990 appeal. By notice dated June 17, 1991 petitioner's appeal to the commanding officer was denied. The reasons for the denial were stated as follows:

"a. Applicant's letter of appeal states that he has been treated unfairly based on the issuance or renewal of a Pistol License to others over the last several years. This argument is rejected as each applicant for a license is evaluated on an individual case basis and a determination is made solely on the factors of each.

"b. Applicant's letter of appeal makes reference to a strong sentiment of unpopularity within the License Division which has prevented him from obtaining a pistol carry permit. This argument is rejected. Applicant has been issued a Premises Residence Pistol License.

"c. Applicant's letter of appeal makes reference to controversial articles appearing in his publications and New York Newsday and an anonymous written threat. These additional materials were evaluated and found not to be sufficient grounds for the granting of this application."

The possession of a handgun license is a privilege not a right *(Sewell v City of New York,* 182 AD2d 469, 472) consequently, petitioner's due process argument, which relies upon cases involving constitutional entitlements *(e.g., Holmes v New York City Hous. Auth.,* 398 F2d 262), is inapplicable. Given that the New York City Police Department has been given broad discretion to grant licenses *(Sewell v City of New York, supra),* the absence of specific standards does not violate the rule enunciated in *Matter of Sullivan County Harness Racing Assn. v Glasser* (30 NY2d 269, 276).

The only issue for consideration by the Court is whether the administrative decision to deny petitioner the requested license was arbitrary and capricious or an abuse of discretion *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *see also, Matter of Lipton v Ward,* 116 AD2d 474). "[A]bsent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious." *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 518.) "[I]t follows that when an agency determines to alter its prior stated course it must set forth its reasons for doing so. Unless such an explanation is furnished, a reviewing court will be unable to determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision" *(supra,* at 520).

We recognize that the burden of establishing " 'proper cause' " for the issuance of a carry permit is on the applicant *(Matter of Bernstein v Police Dept.,* 85 AD2d 574). However in this case the respondent failed to provide any explanation regarding why it distinguished the petitioner from other applicants to whom carry permits were granted upon less specific proof of threats. Accordingly, we remand the matter to the respondent for a further explanation of its departure from prior practice. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.,