*29 OPINION OF THE COURT
Stephen G. Crane, J.
This is a CPLR article 78 proceeding to review respondent’s determination dated May 18, 1992, revoking petitioner’s pistol licenses.
Petitioner is a City Marshal. As a result of a complaint of an incident on July 26, 1990, that petitioner displayed his pistol during a traffic dispute, the License Division suspended his licenses. He surrendered his firearms and requested a hearing. (38 RCNY 5-30 [h].) The notice of hearing specified the purpose: to examine the July 26 incident. The notice said petitioner’s entire record would be considered.
Hearing Officer Aliza Felix conducted the hearing. The investigating detective testified. He relayed information from the complainant, a taxi driver, and his passenger, independently interviewed. The complainant said that a car stopped in front of his cab, a man exited, put a gun to his head, made ethnic remarks, flashed a gold shield, threatened to arrest him, ripped the gear shift from the cab and drove off. By telephone interview, the passenger separately corroborated these essentials. This witness had seen a Marshal’s plaque in the rear window of the car, and he gave the detective the license plate number of what turned out to be petitioner’s car.
Petitioner denied any incident involving his pistols. He testified only that an aggressive cab driver tried to cut him off during heavy traffic. He mentioned that the cab bumped his car without causing damage. He denied ripping the gear shift or displaying his pistol which remained bolstered.
On the basis of this hearing, the respondent revoked petitioner’s licenses. Petitioner began an earlier CPLR article 78 proceeding. However, on cross motion of respondent, the matter was remanded for a new hearing. Because the cassette tape of the hearing was defective, the hearing had never been recorded and no transcript was made.[1]
At the new hearing on January 24, 1992, the detective testified to the same hearsay as in the first hearing. Petitioner testified that he had stalled and the cab bumped him. He wrote the cab’s license number in his diary, but he brought the wrong year’s diary to the hearing. Petitioner denied leaning into the cab, pulling out its gear shift or saying anything to the driver. He said he never saw the passenger.
*30 After a short recess, the Hearing Officer asked petitioner, over objection, whether he remembered testifying at the prior hearing that he had a problem with the car, got out, went over to the taxi driver to talk and pulled out his gear shift. Petitioner objected because there was no transcript and the Hearing Officer, if relying on her recollection, was making herself a witness.
In her decision revoking petitioner’s licenses, the Hearing Officer credited the hearsay, particularly from the passenger. She criticized petitioner’s lack of recall and his failure to bring the correct diary. The Hearing Officer was also influenced by a prior incident in November 1986, where petitioner pulled his pistol during a traffic dispute. On appeal the License Division agreed with the Hearing Officer.
This proceeding challenges the fairness of the Hearing Officer at the second hearing. Petitioner recognizes the admissibility of hearsay at an administrative hearing but argues that no rational basis supports the revocation. Respondent’s answer denies that the first hearing was never recorded, but, to the contrary, alleges that it was recorded on a dysfunctional cassette. Respondent concludes that the revocation was rational, reasonable and (by way of muddying the water) supported by substantial evidence.
Because the phrase "substantial evidence” is one of art (CPLR 7803 [4]), and was intruded into this proceeding by respondent alone, the court confronted the need to transfer the case to the Appellate Division pursuant to CPLR 7804 (g). Looking for guidance from past gun licensing cases in the Appellate Division, First Department, this court found no clear answer. The Appellate Division confirms transferred CPLR article 78 gun licensing cases, without comment on this procedure, as often as it affirms or reverses such cases in equal procedural silence. (Compare, Matter of Goldstein v Brown, 189 AD2d 649; Matter of Conners v New York City Police Dept., 180 AD2d 427, lv denied 80 NY2d 759; Matter of Beninson v Police Dept., 176 AD2d 183,[2] with Matter of Liu v New York City Police Dept., 188 AD2d 284; Sewell v City of New York, 182 AD2d 469,[3] lv denied 80 NY2d 756; Matter of Robinson v Ward, 181 AD2d 585.)
*31 CPLR 7804 (g) prescribes a transfer to the Appellate Division where an issue is raised of substantial evidence, as specified in subdivision (4) of CPLR 7803. By an amendment in 1990 (L 1990, ch 575), subdivision (g) was altered to require Supreme Court, before such transfer, to dispose of "such other objections as could terminate the proceeding.” If the proceeding is not ended by resort to this device, it gets transferred to the Appellate Division which reviews all issues in the case including the substantial evidence question. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:9, 1993 Pocket Part, at 273.) The question that subdivision (g) focuses on in CPLR 7803 (4) is: "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
For the case at bar, it might be a glib answer, to the question whether this proceeding must be transferred, to observe that petitioner simply has not raised the issue of substantial evidence. But, CPLR 7804 (g) is not limited to the petitioner; the substantial evidence question may also be raised by a respondent. The Licensing Division, perhaps without thinking, has argued that its determination is not only rational but supported by substantial evidence. Therefore, the court needs to analyze the administrative procedure for gun licensing and revocation in the City of New York in order to ascertain whether respondent’s second hearing was one at which evidence was taken and a hearing was held pursuant to direction by "law.”
The "law” is found in Penal Law § 400.00 (11) and Administrative Code of the City of New York § 10-131 (a) (1). The Penal Law merely prescribes automatic revocation upon the conviction of the licensee of a serious offense. Moreover, in the City of New York the licensing officer is authorized to revoke and cancel licenses at any time. This authority is uncircumscribed. The only statutory duty the official has is to notify various agencies of the revocation without delay. Section 10-131 of the Administrative Code vests in the Police Commissioner of the City of New York the authority to grant licenses *32 under Penal Law § 400.00. The only reference to any hearing whatever is found in section 5-30 (h) of the Rules of the Police Department (38 RCNY 5-30 [h]): If suspended or revoked, the licensee may submit a written request for a hearing to appeal the decision.
Professor Siegel has opined that the hearing requirement may be express or implied. (Siegel, NY Prac § 560, at 878 [2d ed], citing Hecht v Monaghan, 307 NY 461.) He sees this requirement as turning on whether the determination will affect a "right.” If not, and in the absence of an express statutory hearing requirement, the official offers a hearing as a matter of grace. (Ibid.) When an implied or express hearing is required, Professor Siegel reasons that it must be of a breed described in State Administrative Procedure Act § 102 (3) and article 3 — an adjudicatory hearing with many of the hallmarks of a court proceeding: e.g., a record, objections, rules of privilege (though formal rules of evidence need not be observed), cross-examination and a written decision with findings of fact and conclusions of law. Such hearings result in quasi-judicial determinations that have to be supported by substantial evidence.
It would be a mistake, however, to assume from the trappings accorded a hearing by the grace of the licensing authority that it is one given by direction of law. It is appropriate, then, to decide whether a gun license is a privilege or a right. There seems no basis to call it a "right” particularly in view of this State’s rigorous gun control policy. In any event, the issue is settled: "The possession of a handgun license is a privilege rather than a right” (Sewell v City of New York, supra, 182 AD2d 469, 472, citing Matter of Caruso v Ward, 160 AD2d 540, lv denied 76 NY2d 706). It is unnecessary, therefore, to furnish a quasi-judicial or formal adversarial hearing before a pistol license is revoked. (Matter of Burke v Colabella, 113 AD2d 794, 795.)
Accordingly, no question of substantial evidence is properly raised in a proceeding to review the revocation of a pistol license, and it is not appropriate to transfer the matter to the Appellate Division. This conclusion is unaltered by any inadvertent references to the substantial evidence rule in responding papers or in the petition itself.
Even in a CPLR article 78 proceeding to review a quasi-judicial determination, where transfer would be required, this court is initially obligated to rule on matters that could *33 dispose of the proceeding as a matter of law. In the case at bar, this brings us to the merits of the arguments petitioner raises. Petitioner’s major complaint involves the Hearing Officer. He apparently is challenging the lawfulness of the procedure she used in confronting him with his testimony in the first hearing. In analyzing this claim, the court must keep well in mind the difference between a quasi-judicial determination following a full evidentiary hearing (reviewed by certiorari of old) as opposed to the discretionary determination (in the former category of mandamus) we find at bar. (Siegel, op. cit., § 561.) For either category of review there must be a substantial violation of applicable procedure. A gun licensee is given due process when he or she has notice of the charges and evidence and an opportunity to appear and rebut. (Matter of Burke v Colabella, supra; Matter of Silverberg v Dillon, 73 AD2d 838, 840, appeal dismissed 49 NY2d 889, lv denied 50 NY2d 803.)
The court cannot applaud the conduct of the hearing in terms of the resort by the Hearing Officer to her own memory of the previous hearing or to the cassette recording itself.[4] She projected bias and hostility and became an unsworn witness against petitioner. Petitioner should have been given access to the so-called dysfunctional tape, as his lawyer requested.
As disapproving as this court is of the conduct of the hearing, it cannot conclude that petitioner’s administrative due process rights were thereby violated.[5] Bearing in mind that the revocation required no hearing whatever, the flaw in the voluntary hearing respondent supplied to petitioner establishes no violation of lawful procedure, error of law or abuse of discretion. (CPLR 7803 [3].) The evidence from two independent witnesses, albeit by way of hearsay, strongly supports, indeed, virtually mandates, the revocation of petitioner’s gun licenses. The earlier traffic incident, allegedly of similar nature, reinforces the revocation even though criminal charges against petitioner stemming from it may have been dismissed.
To the extent petitioner complains of a violation of proper *34 procedure in that the cab driver and his passenger were not witnesses, he was free to subpoena them. (Matter of Radoff v Board of Educ., supra, 99 AD2d, at 841.) Respondent tried unsuccessfully to contact them; but petitioner made no effort to secure their last known addresses or other particulars to locate them and arrange for their attendance. If respondent would not divulge this information, at least petitioner could have asked respondent to take specified additional measures to locate these witnesses for him. Petitioner does not allege that he tried anything to secure their attendance.
The petition is denied and respondent’s determination is confirmed. The proceeding is dismissed.

. This cross motion was supported by an affidavit of the Hearing Officer, Aliza Felix, who supplied this information.

. This case involved revocation based on two displays of petitioner’s firearm in a traffic situation, one of which involved a physical altercation.

. This case demonstrates, as petitioner at bar concedes, that hearsay can be the basis of an administrative determination. (Sewell v City of New York, supra, 182 AD2d, at 473, citing Matter of Gray v Adduci, 73 NY2d *31 741, 742.) Indeed, the former legal residuum rule that tolerated hearsay at administrative hearings, provided there was some legally admissible evidence to support it, is no longer recognized. (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180, n *; Matter of Radoff v Board of Educ., 99 AD2d 840, 841, affd 64 NY2d 90.)

. Inasmuch as her affidavit in support of the cross motion in the prior CPLR article 78 proceeding averred that the first "hearing was never recorded,” respondent ought to be estopped from pleading in paragraph 16 of its answer herein that the earlier hearing "was recorded” albeit on a dysfunctional tape. (Kimco of N. Y. v Devon, 163 AD2d 573, 575.) Because of the conflict, the court construes this circumstance against respondent.

. Had the court made the contrary decision, it would merely have remanded the matter for a third hearing before a different Hearing Officer.