■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CONDELLO, Appellant. [621 NYS2d 262] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in failing to suppress the

evidence obtained as a result of a warrantless search of his home and automobiles. The record of the suppression hearing supports the court's determination that no warrant was necessary because the police obtained the voluntary consent of a party who possessed the requisite authority or control over the premises or property that was the subject of the search *(see, Schneckloth v Bustamonte,* 412 US 218; *People v Adams,* 53 NY2d 1, 8, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286, 290; *People v Johnson,* 202 AD2d 966, 967, *lv denied* 84 NY2d 827).

There is no merit to the contention of defendant that the failure of the court to revoke his permit to carry a firearm at the time of his prior felony conviction bars this prosecution. There is an automatic revocation of a pistol permit when the licensee is convicted of a felony (Penal Law § 400.00 [11]; *Matter of Shapiro v New York City Police Dept.,* 157 Misc 2d 28, 31, *affd* 201 AD2d 333). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Balio, Wesley, Callahan and Doerr, JJ.