■ In the Matter of LINDA MUHLSTEIN, Petitioner, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Respondents. [865 NYS2d 647]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated August 30, 2006, which, after a fair hearing, confirmed a determination of the New York City Human Resources Administration dated January 3, 2005, denying the petitioner's application for reimbursement for home care services for her father.

Adjudged that the petition is granted to the extent of annulling so much of the determination dated August 30, 2006, as confirmed that part of the determination dated January 3, 2005, relating to the application for reimbursement for home care services provided to the petitioner's father by the two home care attendants who submitted signed affidavits relating thereto, that portion of the determination dated August 30, 2006, is annulled and that portion of the determination dated January 3, 2005, is disaffirmed, on the law, with costs, the petition is otherwise denied, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent New York City Human Resources Administration for a calculation of the reimbursement due to the petitioner in accordance herewith, and for a new determination thereafter.

In 2004 the New York City Human Resources Administration (hereinafter HRA) approved 24-hour home care for the petitioner's father, who died later that year, retroactive to August 1, 2003. The petitioner paid home health care attendants in cash, and requested HRA to provide her reimbursement, submitting, inter alia, checks made out to cash and an agency form affidavit attesting to receipt of the cash signed by one of the three home care attendants that took care of her father. HRA found that the petitioner failed to substantiate her payments "because all checks were made out to cash and endorsed" by her. An administrative appeal to the New York State Department of Health (hereinafter the DOH) ensued.

Following a two-day evidentiary fair hearing, at which a second home care aide affidavit was provided, the DOH upheld the HRA determination, making additional findings that the petitioner failed to meet her burden of proof given the discrepancies between her ledger entries, checks, the affidavits, and testimony at the hearing. The petitioner commenced the instant CPLR article 78 proceeding, and the Supreme Court transferred the proceeding to this Court as involving a substantial evidence/question under CPLR 7804 (g). The administrative determinations should be annulled.

The DOH has in previous cases found that payments made in cash for home care are reimbursable if agency affidavits signed by the home care attendants are submitted as proof of payment (*see Matter of App. of GS,* DOH Dec. FH #3864203J, Feb. 14, 2003; *Matter of App. of MG,* DOH Dec. FH #3834019J, Dec. 27, 2002). Whether or not there is substantial evidence, "[a]bsent an explanation by the agency, an administrative agency decision which, on essentially the same facts as underlaid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious" and must be annulled (*Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516, 518 [1985]; *see Matter of Aliperti v Trotta,* 35 AD3d 854 [2006]). Here, the signed affidavits of the two home health care aides should be considered by HRA on the issue of reimbursement, in light of the DOH's prior acceptance of such evidence. Accordingly, so much of the determination dated August 30, 2006, as confirmed that part of the determination dated January 3, 2005, relating to those two home health care aids must be annulled, and the matter remitted to HRA for a recalculation of the reimbursement due to the petitioner. However, with respect to the attendant for whom the petitioner did not have a signed affidavit, there was substantial evidence to support the respondents' determination and that determination is consistent with prior determinations. Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.