■ In the Matter of LA CASA DI ARTURO INC., Doing Business as ARTURO'S RESTAURANT & PIZZERIA, Petitioner, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Respondent. [992 NYS2d 421]—

Determination of respondent, Department of Consumer Affairs (DCA), dated March 2, 2012, which, after a hearing, found that petitioner violated the Administrative Code of the City of New York § 20-224 (a), and imposed a civil fine of $1,000, unanimously annulled, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Manuel J. Mendez, J.], entered March 12, 2013), granted.

Petitioner, the owner of a restaurant located in New York

County, challenges DCA's determination that it engaged in unlicensed sidewalk café activity on September 21, 2011 because its café seating was located on the public sidewalk (*see* Administrative Code of City of NY §§ 20-223 [a]; 19-101 [d]; *see also* Vehicle and Traffic Law § 144). On three prior occasions spanning more than two decades, DCA's administrative tribunals dismissed notices of violation against petitioner based on essentially identical factual allegations, finding that respondent failed to prove that the outdoor café was sited on public property. In the most recent of those decisions, issued less than four years before the inspection at issue, the tribunal specifically afforded DCA an opportunity to obtain evidence from the Department of Buildings regarding the location of the property line and DCA failed to present any such evidence. Similarly, at the October 18, 2011 hearing concerning the violation at issue, DCA's inspector admitted that he did not know where the property line is located and DCA did not offer any evidence establishing that the tables and chairs petitioner set up on the sidewalk extended past the property line onto the public sidewalk. Respondent's failure to adhere to its own prior precedent, without providing a sufficient reason for reaching a different result on identical facts, is arbitrary and capricious, requiring reversal (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519-520 [1985]; *Matter of Klein v Levin*, 305 AD2d 316, 317-318 [1st Dept 2003], *lv denied* 100 NY2d 514 [2003]). Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.