■ In the Matter of ZBIGNIEW JAKUBIAK, Respondent, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Appellant. [7 NYS3d 77]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered November 13, 2013, granting the petition, brought pursuant to CPLR article 78, to annul respondent's determination, dated April 30, 2013, which denied petitioner's application to renew his general contractor's registration, and remanding the matter for further proceedings, unanimously affirmed, without costs.

Respondent's determination lacked a rational basis (*see* CPLR 7803 [3]; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 430-431 [2009]). Respondent arbitrarily concluded that petitioner's prior conviction for filing false documents bore a direct relationship to the duties and responsibilities attendant to the general contractor registration, the license for which he sought renewal (*see* Correction Law §§ 752 [1]; 750 [3]; *Matter of Dellaporte v New York City Dept. of Bldgs.*, 106 AD3d 446 [1st Dept 2013], *affd* 22 NY3d 1121 [2014]; *Matter of Gil v New York City Dept. of Bldgs.*, 107 AD3d 632 [1st Dept 2013], *lv denied* 22 NY3d 852 [2013]).

Petitioner's prior conviction was based on his submission to respondent of several forms on behalf of his business bearing his deceased business partner's signature as a special rigger licensee. Petitioner's partner died shortly after a cancer diagnosis, petitioner filed the forms in 2006 while his own application for a special rigger license was pending, and petitioner's ap-

plication for that license was ultimately approved. While these facts do not excuse petitioner's misconduct, it demonstrates that he possessed the substantive qualifications to sign the forms, and respondent has never claimed that there was any problem with those forms, or that the public safety was endangered. Moreover, respondent granted petitioner's general contractor registration renewal application in 2010, six months after his guilty plea on the prior conviction.

The record shows that during the three-year period between that renewal and the denial of his March 2013 renewal application, petitioner submitted nearly 400 permits and other documents under the general contractor registration without incident. Further, respondent did not seek the surrender of the registration as part of the plea agreement, despite seeking the surrender of his other licenses, including the special rigger license. Under these circumstances, respondent's claim that the 2010 renewal was mere administrative error finds no basis in the record. Respondent previously determined that petitioner possessed the requisite good moral character to hold the registration and that his prior criminal offense was not directly related to the registration. Respondent's failure to meaningfully explain why it departed from its prior determination renders the instant determination arbitrary and capricious (*see Matter of La Casa Di Arturo Inc. v New York City Dept. of Consumer Affairs*, 120 AD3d 1107, 1108 [1st Dept 2014]).

Respondent's failure to rebut the presumption of rehabilitation deriving from petitioner's certificate of relief from disabilities also renders its determination arbitrary and capricious (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 614 [1988]; *see also* Correction Law § 753 [2]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.