OPINION OF THE COURT
Meyer, J.
A decision of an administrative agency which neither ad *517 heres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious. The order of the Appellate Division confirming the determination of the Unemployment Insurance Appeal Board that respondent’s delivery persons are independent contractors for whom respondent need make no unemployment insurance contribution should, therefore, be reversed and the matter remitted to the Board for further proceedings in accordance with this opinion.
I
Respondent operates a delivery service pursuant to a contract with a medical laboratory. Respondent’s drivers are called directly by the laboratory and on the basis of those calls pick up specimens from the offices of physicians who use the laboratory’s services. The driver takes them to Albany County Airport for transportation to the laboratory. Upon completion of the laboratory’s testing and analysis the results are delivered to a collection center, from which they are picked up by respondent’s drivers and delivered to the forwarding physician. The drivers collect no money from the physicians and channel any complaints received directly to the laboratory without informing respondent.
The drivers have no written contract with respondent and are terminable at will. They use their own vehicles and pay for their own gas, tolls, insurance and other expenses. They are free to determine the order in which calls will be made and to make pickups or deliveries for others, for which respondent receives no part of the compensation, so long as all pickups and deliveries under respondent’s contract with the laboratory are completed on the day received. A driver who is unable to work on a particular day is responsible for finding a replacement driver for that day.
Drivers are not required to complete time sheets or other records or forms for respondent, except an itemized invoice covering a two-week period and stating the names, addresses and dates of pickups and deliveries made during that period. Each driver is compensated by respondent on the basis of the number and type of the jobs completed by him during the period, the amount paid for any given delivery being computed by respondent’s president on the basis of the distance traveled and the time expended in completing it. No taxes are withheld from a driver’s compensation, nor is workers’ compensation insurance provided.
*518 The Commissioner of Labor determined that respondent’s drivers were employees rather than independent contractors and assessed a deficiency of $2,834.40 against respondent under the Unemployment Insurance Law (Labor Law § 570). Respondent having requested a hearing, the administrative judge agreed that the drivers were employees, but on respondent’s appeal to the Unemployment Insurance Appeal Board, that body reversed, concluding that respondent "did not have the right to exercise significant control over the method or manner by which the drivers chose to complete performance of their delivery services”[1] and on reconsideration, adhered to that decision. In neither its original decision nor its decision on reconsideration did the Board cite any precedent for its determination.
On the Commissioner’s appeal to the Appellate Division that court affirmed, without opinion, two Justices dissenting. The dissenters, finding that the facts of the case were "indistinguishable, in any significant respect” from two earlier Board decisions which had been confirmed by both the Appellate Division and the Court of Appeals (Matter of Di Martino [Buffalo Courier Express Co.—Ross] 59 NY2d 638, affg 89 AD2d 829; Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts] 59 NY2d 638, affg 87 AD2d 960) and concluding that "it is incumbent on the Board to decide like cases the same way or explain the departure [citations omitted]”, voted to reverse. (112 AD2d, at p 507.) We agree that, absent an explanation by the agency, an administrative agency decision which, on essentially the same facts as under-laid a prior agency determination, reaches a conclusion contrary to the prior determination is arbitrary and capricious. And we conclude, as did the dissenters below, that the present case involves facts indistinguishable from those of the Di Martino and Wells cases. We, therefore, reverse and remit to the Board for further proceedings.
II
Stare decisis is no more an inexorable command for administrative agencies than it is for courts (see, Wachtler, Stare Decisis and a Changing New York Court of Appeals, 59 St *519 John’s L Rev 445, 452).[2] They are, therefore, free, like courts, to correct a prior erroneous interpretation of the law (Matter of Pascual v State Bd. of Law Examiners, 79 AD2d 1054, 1055, lv denied 54 NY2d 601; Matter of Leap v Levitt, 57 AD2d 1021, lv denied 42 NY2d 807) by modifying or overruling a past decision (see, Davis, Administrative Law §§ 20:10-20:11 [2d ed]; Jaffe, Judicial Control of Administrative Action, at 587-588). They are, likewise, free, like courts, to determine how disputed facts are to be decided, judging credibility and drawing such inference as they find reasonable in order to resolve contested questions of fact (Matter of McSweeney v Hammerlund Mfg. Co., 275 App Div 447, 450; see, Matter of Dresher [Lubin], 286 App Div 591; Gabrielli and Nonna, Judicial Review of Administrative Action in New York: An Overview and a Survey, 52 St John’s L Rev 361, 363; Jaffe, Judicial Review: Questions of Law, 69 Harv L Rev 239, 241), and it is not within the power of the courts to impose factual consistency.
The policy reasons for consistent results, given essentially similar facts, are, however, largely the same whether the proceeding be administrative or judicial — to provide guidance for those governed by the determination made (Matter of Howard Johnson Co. v State Tax Commn., 65 NY2d 726, 727); to deal impartially with litigants; promote stability in the law; allow for efficient use of the adjudicatory process; and to maintain the appearance of justice (Davis, Doctrine of Precedent as Applied to Administrative Decisions, 59 W Va L Rev 111, 128-136). The underlying precept is that in administrative, as in judicial, proceedings "justice demands that cases with like antecedents should breed like consequences” (id., at 117; accord, Koslow, Standardless Administrative Adjudication, 22 Admin L Rev 407, 424; Kramer, Place and Function of Judicial Review in the Administrative Process, 28 Fordham L Rev 1, 8). Legislative awareness of the policy considerations involved is evident from Labor Law § 534, the third unnumbered paragraph of which requires that the Board "maintain a current index, by topic, of the principles of law established by *520 the decisions rendered by the board and the courts concerning matters arising under [the Unemployment Insurance Law]” and make copies of the index available for public inspection and examination at all locations where unemployment insurance hearings are conducted.[3]
From the policy considerations embodied in administrative law, it follows that when an agency determines to alter its prior stated course it must set forth its reasons for doing so. Unless such an explanation is furnished, a reviewing court will be unable to determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision (Kramer, op. cit., at 68-70). Absent such an explanation, failure to conform to agency precedent will, therefore, require reversal on the law as arbitrary, even though there is in the record substantial evidence to support the determination made (Matter of Howard Johnson Co. v State Tax Commn., 65 NY2d, at p 727, supra; Matter of New York Tel. Co. v Public Serv. Commn., 62 NY2d 57, 62; Matter of Dresher [Lubin], 286 App Div, at p 594, supra; Matter of Fitzgerald v State Div. of Dept. of Public Serv., 262 App Div 393, 397; see, Atchison, Topeka & Santa Fe Ry. Co. v Wichita Bd. of Trade, 412 US 800, 807-808 [plurality opn]; Greater Boston Tel. Corp. v Federal Communications Commn., 444 F2d 841, 852, cert denied 403 US 923; 4 Davis, Administrative Law § 20:11, at 37 [2d ed]; Kaufman, Judicial Review of Agency Action: A Judge’s Unburdening, 45 NYU L Rev 201, 204, 209).
Ill
Examined against that background, it is clear that there must be a reversal. The question before the Board, not uncommon in Unemployment Insurance Law cases, was whether the drivers working for respondent were its employees for whom respondent was required to make contributions to the unemployment insurance fund (Labor Law § 511) or independent contractors for whom no such contribution need be made. *521 Whether an employer-employee relationship exists is a question of fact, to be decided on the basis of evidence from which it can be found that the alleged employer "exercises control over the results produced * * * or the means used to achieve the results” (Matter of 12 Cornelia St. v Ross, 56 NY2d 895, 897). No one factor is determinative, but control over means is the more important factor to be considered (Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726). The Board’s determination of the issue, if supported by substantial evidence on the record as a whole, is beyond judicial review even though the evidence would have supported a contrary conclusion (Matter of Concourse Ophthalmology Assoc. [Roberts], 60 NY2d 734, 736; Matter of Di Martino [Buffalo Courier Express Co.—Ross], 59 NY2d 638, 641, supra).
The problem in the present case is that in the Di Martino and Wells cases (supra), the Board determined that the relationship was that of employer-employee, determinations which were confirmed by us, on the record before the Board, as supported by substantial evidence. In Di Martino, each of the delivery persons for a newspaper company signed an "independent contractor” agreement. The delivery persons were provided with a list of customers and were required to make all deliveries by a specified time. All subscription fees were collected by the newspaper itself. The delivery persons used their own vehicles but received a mileage allowance. The newspaper bore the risk of loss for damaged papers, and the newspaper took all complaints from subscribers directly. In Wells, the delivery persons also signed an "independent contractor” agreement and used their own vehicles to deliver newspapers to retailers. They were not reimbursed for gas or mileage. Remuneration was on a per-delivery basis, with no sequence prescribed for the drop-offs. The delivery persons were allowed to subcontract their deliveries. The ultimate responsibility for each delivery person was to finish all deliveries by a stated time. Delivery persons were paid without any deductions, and there were no employment rules or regulations to follow. Comparison of the facts on the basis of which Di Martino and Wells were decided with the facts of the instant case recited above makes evident, if not the impossibility of distinguishing this case from Di Martino and Wells, at least the existence of sufficient factual similarity between those cases and this to require explanation by the Board of why it reached a different result in this case.
For the foregoing reasons, the order of the Appellate Divi *522 sion should be reversed, without costs, and the matter remitted to the Board for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for further proceedings in accordance with the opinion herein.

. The facts stated in the preceding three paragraphs of this opinion are the facts on which the Board based its determination.

. Indeed, it is often suggested that such an agency "has somewhat greater freedom than a common-law court” (Matter of Dresher [Lubin], 286 App Div 591, 594; see, Food Mktg. Inst. v Interstate Commerce Commn., 587 F2d 1285, 1290; Davis, Administrative Findings, Reasons and Stare Decisis, 38 Cal L Rev 218; Davis, Doctrine of Precedent As Applied To Administrative Decisions, 59 W Va L Rev 111, 124; Ann., 79 ALR2d 1126, 1131-1132; 2 NY Jur 2d, Administrative Law, § 146, at 230).

. Although the Unemployment Insurance Appeal Board is not covered by the State Administrative Procedure Act (§ 102 [1]), that act likewise requires that each agency governed by the act "maintain an index by name and subject of all written final decisions, determinations and orders rendered by the agency in adjudicatory proceedings”, make the index and the text of any such decision available for public inspection and copying, and index each decision within 60 days after it is rendered (State Administrative Procedure Act § 307 [3] [a]).