■ CAROL SORRENTI, Appellant, v THE GO BETWEEN, INCORPORATED/NEW YORK, et al., Respondents.—Judgment of the Supreme Court, New York County (John G. Connor, J.), entered on March 17, 1989, which awarded plaintiff the sum of $150,000 plus interest, costs and disbursements, against defendant Edwin Wilkinson and directed that defendant The Go Between, Incorporated/New York have judgment against plaintiff, is unanimously affirmed, without costs or disbursements.

Plaintiff commenced this action for damages for personal injuries sustained by her on March 26, 1987 when she was struck by a bicycle ridden by defendant Edwin Wilkinson as she attempted to cross Madison Avenue at 55th Street in Manhattan. At the trial, plaintiff urged that Wilkinson was employed by and acting in the scope of his employment with defendant The Go Between, a messenger service, and, consequently, the latter was liable for Wilkinson's conduct. Wilkinson defaulted and did not appear, but The Go Between asserted that rather than being its employee, Wilkinson was an independent contractor. The jury determined that Wilkinson was negligent and entirely responsible for plaintiff's injuries and, moreover, that he was an independent contractor. Accordingly, plaintiff was awarded damages only against Wilkinson. On appeal, she argues that the trial court should have found Wilkinson to be an employee and not an independent contractor as a matter of law and that she is entitled to a judgment in her favor notwithstanding the jury's verdict. However, while plaintiff's judgment against Wilkinson may, unfortunately, be uncollectable, the evidence presented to the jury herein was sufficient to establish that he was an independent contractor and not an employee. In that regard, whether an employer-employee relationship exists was a factual question to be resolved by the trier of the facts (*Matter of Field*

*Delivery Serv. [Roberts],* 66 NY2d 516). Since the record does not demonstrate that the preponderance of the evidence was clearly in plaintiff's favor, the trial court appropriately declined to grant her motion to set aside the verdict. We have reviewed plaintiff's other contentions and do not perceive any basis for a new trial. Concur—Kupferman, Milonas, Kassal and Ellerin, JJ.