■ In the Matter of EPDI ASSOCIATES, Respondent, v NEW YORK CITY LOFT BOARD, Appellant, et al., Respondent. [874 NYS2d 450]—Order, Supreme Court, New York County (Marcy L. Kahn, J.), entered December 20, 2007, which granted the owner's petition to the extent of annulling that part of a Loft Board order that required amendment of an abandonment application to list former tenants as affected parties to be served with notice of the application, rejected the administrative law judge's recommendation that the former tenants' units were abandoned, and remanded the application for further proceedings, unanimously reversed, on the law, without costs, the petition denied in its entirety, the proceeding dismissed, and the Loft Board order reinstated and confirmed.

The Loft Board properly interpreted its own regulation (*see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481 [2008]). It also correctly understood its own prior order in implicitly finding that it did not decide the rights of the departed Brower, Koch and Roussin tenants, so the order at issue was neither irrational nor inconsistent with the administrative body's own precedent (*cf. Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]). We note that the obituary of a departed tenant was not part of the administrative record, and was thus improperly considered by the court (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]), and that the

Loft Board was justifiably skeptical about other evidence submitted by petitioner. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.