*610 Judgment, Supreme Court, New York County (Alice Schlesinger, J), entered April 4, 2008, which granted the petition to annul respondent’s May 8, 2007 determination denying petitioners’ applications for renewal of their licenses to operate as trade waste businesses, unanimously reversed, on the law, without costs, the petition denied, the proceeding dismissed, and the determination confirmed.
Respondent’s denial of petitioners’ applications was neither arbitrary and capricious nor an abuse of discretion. Administrative Code of City of NY § 16-509 (a) provides: “The commission may . . . refuse to issue a license to an applicant who lacks good character, honesty and integrity.” Subdivision (b) adds: “The commission may refuse to issue a license ... to an applicant . . . who has knowingly failed to provide the information and/or documentation required by the commission ... or who has otherwise failed to demonstrate eligibility for such license.”
Respondent rationally found that petitioner Canal Sanitation failed to demonstrate eligibility for a license because the Environmental Control Board determined, after a hearing at which Sanitation’s authorized representative appeared, that Sanitation and one of its principals had engaged in illegal dumping of putrescible waste. As respondent stated in its determination, “The illegal disposal of trade waste . . . reflect[s] poorly on the fitness of an applicant for a trade waste license.” Sanitation’s principal did submit a different version of events in an affidavit after respondent’s staff had indicated it was going to deny the applications; however, this version of events should have been offered as testimony at the Board hearing.
Respondent had a rational basis for denying both petitioners’ applications based, inter alia, on the reports of the monitor appointed for petitioners in 2002, their violations of respondent’s rules, and their failure to keep their promises to pay various creditors.
It is true that the purpose of the enactment establishing the New York City Trade Waste Commission (title 16-A of the Administrative Code) was to combat organized crime (see Legislative findings, Local Law No. 42 [1996] of City of NY § 1). However, section 16-509 (a) of the Code lists many factors that respondent may consider in denying a license, some of which *611 have nothing to do with organized crime. If respondent were allowed to deny licenses only when the applicant had a tie to organized crime, some portions of section 16-509 (a) would be rendered meaningless. “[A] 11 parts of a statute are intended to be given effect and ... a statutory construction which renders one part meaningless should be avoided” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 515 [1991]).
Contrary to petitioners’ claim, respondent’s determination did not depart from prior precedent (cf. Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516 [1985]). Concur— Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ. (See 19 Misc 3d 923.]