■ In the Matter of Take Two Outdoor Media LLC, Appellant, v Board of Standards and Appeals of the City of New York, Respondent. [10 NYS3d 45]—

Judgments, Supreme Court, New York County (Carol E. Huff, J.), entered October 30, 2013 and November 7, 2013, denying the petitions seeking annulment of resolutions by respondent Board of Standards and Appeals of the City of New York dated January 8, 2013, which had affirmed the New York City

Department of Buildings' (DOB) determinations rejecting petitioner's applications to register advertising signs, and dismissing the proceedings brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's denials, pursuant to New York City Zoning Resolution § 42-55, of petitioner's applications for registration of advertising signs on the roof and wall of buildings in proximity to the exit roadway of the Holland Tunnel were not contrary to law, arbitrary and capricious, or an abuse of discretion (see CPLR 7803 [3]). Respondent properly determined that the exit roadway is an "approach" within the meaning of Rules of City of New York Department of Buildings (1 RCNY) § 49-01 and therefore is an "arterial highway" within the meaning of section 42-55 of the Zoning Resolution. Respondent properly relied on the definition of "approach" set forth in 1 RCNY 49-01 (rule 49), which is consistent with the plain language of the Zoning Resolution. Further, respondent properly rejected petitioner's contention that the exit roadway is not an approach within the plain meaning of rule 49.

Although the DOB had previously approved the signs, its subsequent determinations rejecting the signs adequately explained its reasons for "alter[ing] its prior stated course" (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]).

The court correctly rejected petitioner's argument that respondent's determinations violated its commercial free speech rights (see Clear Channel Outdoor, Inc. v City of New York, 594 F3d 94 [2d Cir 2010], cert denied 562 US 981 [2010]). Concur—Tom, J.P., Friedman, Richter and Kapnick, JJ. ▮