15-2000-cv
Stahl York Avenue Co., LLC v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
                    REENA RAGGI,
                    PETER W. HALL,
                           *Circuit Judges.*

---

STAHL YORK AVENUE CO., LLC,
                    *Plaintiff-Appellant*,


                    v.                                                                          No. 15-2000-cv


CITY OF NEW YORK, NEW YORK LANDMARKS
PRESERVATION COMMISSION,
                    *Defendants-Appellees*.

---

APPEARING FOR APPELLANT:          ALEXANDRA A.E. SHAPIRO (Chetan A. Patil, *on the brief*), Shapiro Arato LLP, New York, New York.

APPEARING FOR APPELLEES:          AARON M. BLOOM, Assistant Corporation Counsel (Richard P. Dearing and Benjamin Welikson, Assistant Corporation Counsel, *on the brief*), *for*

1

Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 27, 2015, is AFFIRMED.

Plaintiff Stahl York Avenue Co., LLC ("Stahl"), the owner of a complex of landmarked buildings on the Upper East Side of Manhattan, appeals from a judgment dismissing its substantive due process claim under 42 U.S.C. § 1983 against defendants City of New York (the "City") and New York City Landmarks Preservation Commission (the "Commission"). Stahl argues that the district court erred in concluding that it lacked a constitutionally protected interest in hardship relief from landmark designation, which relief the Commission denied on May 20, 2014. We review a judgment of dismissal <u>de novo</u>, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." <u>Fink v. Time Warner Cable</u>, 714 F.3d 739, 740–41 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court in its thorough opinion. <u>See</u> <u>Stahl York Ave. Co. v. City of N.Y.</u>, No. 14 Civ. 7665(ER), 2015 WL 2445071 (S.D.N.Y. May 21, 2015).

2

To state a substantive due process claim, a plaintiff must allege that (1) it possesses an interest protected by substantive due process (2) that was infringed in an arbitrary and capricious manner.  See Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of the City of N.Y., 746 F.3d 538, 545 (2d Cir. 2014).  Where, as here, plaintiff claims a substantive due process interest in a benefit, it must show "a legitimate claim of entitlement" to the benefit, which is more than "a unilateral expectation" or an "abstract need or desire."  Board of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972).

In considering whether a plaintiff has a legitimate claim of entitlement, courts "focus[] on the extent to which the deciding authority may exercise discretion in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision."  Zahra v. Town of Southold, 48 F.3d 674, 680 (2d Cir. 1995) (emphasis in original); see Yale Auto Parts, Inc. v. Johnson, 758 F.2d 54, 59 (2d Cir. 1985) ("[T]he question of whether an applicant has a legitimate claim of entitlement . . . should depend on whether, absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted.").  If the deciding authority has discretion to deny an application for a benefit on non-arbitrary grounds, a plaintiff holds no legitimate claim to that benefit and, thus, no substantive due process interest.  See RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 918 (2d Cir. 1989).  If, however, "the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured," a court may identify sufficient entitlement to the benefit to

3

confer a constitutionally protected interest. Id.; see, e.g., Brady v. Town of Colchester, 863 F.2d 205, 213 (2d Cir. 1988) (denying defendants' motion for summary judgment where plaintiffs showed that they "very likely would have been entitled to the benefit of the commercial use of their property but for the alleged improper conduct of" defendants, who "may very well have had no discretionary authority under Connecticut state law to interfere with [plaintiffs'] efforts to lease the premises" (emphasis in original)).

Stahl argues that it had a protected property interest in its hardship application because, if the Commission had adhered to New York City's Landmarks Preservation Law (the "Landmarks Law") and controlling Commission precedent, it would necessarily have granted Stahl hardship relief. Like the district court, we conclude that the argument fails. Although the Landmarks Law states that the Commission "shall" grant hardship relief if a landmarked property is not capable of earning a reasonable return, the Law affords the Commission considerable discretion to determine whether an applicant has made the requisite showing of return. N.Y.C. Admin. Code § 25-309(a)(1)(a) (stating that applicant must show inability to earn reasonable return "to the satisfaction of the commission"). For example, where, as here, the Commission must consider hypothetical post-renovation rates of return, it has the authority to decide the appropriate input values for future rental rates, vacancy rate and collection loss, and operating expenses, all of which are variables in the calculation of whether a property is capable of earning a reasonable return. Exercising this authority, the Commission replaced Stahl's proposed

4

rental rates of $35 and $20 per square foot with rates of $40 and $28, lowered Stahl's forecasted vacancy rate and collection loss from 10% to 5%, and downgraded Stahl's estimated operating costs from $14.20 or $15.70 per gross square foot to $11.46 per gross square foot. See J.A. 69–87. Stahl may disagree with these actions, but it cannot show that they fall outside the Commission's discretion. Further, the Commission's discretion to determine a property's net annual return ultimately resolves the reasonable-return calculation. See N.Y.C. Admin. Code § 25-302(c) (noting that while net annual return "shall be presumed to be the earning capacity of such improvement parcel," value can differ if there are "substantial grounds for a contrary determination by the commission"); see also id. § 25-302(v) (defining reasonable return as "net annual return of six per centum of the valuation of an improvement parcel"). The Commission's discretion to set these values derives from its inherent authority to appraise the reasonableness and efficiency of an applicant's management practices and, by extension, the validity of an application's underlying assumptions. See id. § 25-309(a)(1)(a) (stating that applicant must establish "to the satisfaction of the commission" that property is "not capable of earning a reasonable return"); id. § 25-302(c) (defining "capable of earning a reasonable rate of return" as "[h]aving the capacity, under reasonably efficient and prudent management, of earning a reasonable return" (emphasis added)).[1]

_____

[1] Although not an issue here, the Commission's ability to deny an application if it determines that an owner does not proceed in good faith further manifests its discretion.

Thus, Stahl here faced more than "a theoretical possibility of discretionary action" in the Commission's consideration of its application. Sullivan v. Town of Salem, 805 F.2d 81, 85 (2d Cir. 1986). Rather, the exercise of discretion inhered in the Commission's function. See In re Teachers Ins. & Annuity Ass'n of Am. v. City of N.Y., 82 N.Y.2d 35, 41−42, 603 N.Y.S.2d 399, 401 (1993) (recognizing that Commission consists of experts entitled to deference by courts). After a nearly four-year review of Stahl's application, the Commission ultimately accepted some of Stahl's proposed values as realistic estimates and rejected others as inconsistent with either applicable data or the principles of prudent management. See J.A. 69−87. Because the Commission enjoyed considerable latitude in doing so, we cannot say that its "discretion [was] so narrowly circumscribed so as to virtually assure conferral of the benefit" sought by Stahl. Gagliardi v. Vill. of Pawling, 18 F.3d 188, 192 (2d Cir. 1994) (internal quotation marks omitted).

---

See N.Y.C. Admin. Code § 25-309(a)(1)(b)(1) (stating that applicant must satisfy Commission both that property is incapable of earning reasonable return and that owner of property "seeks in good faith to demolish such improvement immediately (a) for the purpose of constructing on the site thereof with reasonable promptness a new building or other income-producing facility, or (b) for the purpose of terminating the operation of the improvement at a loss"). Such power is materially indistinguishable from authority this court has recognized to be sufficiently discretionary as to bar claims of entitlement. See RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d at 919 (concluding that architectural review board had "wide discretion" to review and reject applicant's design plan because it had power to reject plans that it considered not of harmonious character); Yale Auto Parts, Inc. v. Johnson, 758 F.2d at 59 (affirming district court's dismissal for lack of cognizable interest where zoning board of appeals had discretion to consider, among other things, nature and development of surrounding property and public health, safety, and welfare in determining whether to grant application).

In urging otherwise, Stahl argues that the denial of its application resulted from (1) the Commission's refusal to apply controlling administrative precedent when calculating the property's assessed value and (2) its failure to account for (a) renovation costs associated with 44 apartments when calculating the depreciation allowance or (b) construction loan interest expenses when estimating Stahl's future operating expenses.[2] The argument fails for at least three reasons.

First, we are not persuaded that the Commission's use of the "income approach," rather than the "cost approach," conflicted with its December 1988 KISKA decision. Cf. In re Charles A. Field Delivery Serv., 66 N.Y.2d 516, 517, 498 N.Y.S.2d 111, 113 (1985) (stating that agency decision "which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious"). In KISKA, the Commission used the cost approach to measure assessed value in a hypothetical post-renovation sale scenario, see J.A. 86 n.45, because, in that situation, the owner needed to recoup renovation costs immediately at the point of sale, rather than over time through rental income. That is not this case. Thus, the Commission neither contradicted its own precedent nor acted arbitrarily and capriciously in concluding

_____

[2] Stahl also faults the Commission for concluding that the "relevant improvement parcel" was the entire building complex, rather than just the two buildings on lot 22. We need not consider the matter, however, because the Commission ultimately "analyzed [Stahl's] hardship application solely with respect to the two buildings on lot 22." J.A. 71.

7

that the income approach was the more appropriate method to measure assessed value in Stahl's <u>rental</u> scenarios.

Second, these alleged "errors" do not materially affect the property's projected profit margin. <u>See</u> <u>id.</u> at 86−87 (computing, "for purposes of comparison only," property's potential earning capacity using Stahl's values and proposed methodology, and concluding that property's rate of return would still be above 6% threshold for hardship relief under all renovation scenarios).[3] Thus, Stahl fails plausibly to allege a strong likelihood that its application would have been granted but for arbitrary and capricious decision-making.

Third, even were we to assume, <u>arguendo</u>, that the Commission violated the Landmarks Law and its own precedent in denying Stahl's application, "the mere violation of a state [law] does not automatically give rise to a violation of federal Constitutional rights." <u>Yale Auto Parts, Inc. v. Johnson</u>, 758 F.2d at 58; <u>accord</u> <u>RRI Realty Corp. v. Inc. Vill. of Southampton</u>, 870 F.2d at 918 (explaining that, under entitlement inquiry, "plaintiff may be deemed <u>not</u> to have a protected property interest in the requested permit, even in a case where the denial of the permit <u>is</u> arbitrary" (emphasis in original)). Where the deciding authority has the ability to exercise discretion in considering the merits of an

_____

[3] Stahl's conclusory allegation that the "'comparison' did not actually do what the [Commission] said it did, and perpetuated the same errors the [Commission] made in its actual calculation," Compl. ¶73, fails plausibly to allege any error in the Commission's calculations.

application, there is simply no interest "for process to protect." Olim v. Wakinekona, 461 U.S. 238, 250 (1983); see id. ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). As already explained, given the Commission's considerable discretion to evaluate (and reject) the underlying assumptions in Stahl's application, Stahl simply cannot claim an entitlement to hardship relief protected by substantive due process. Accordingly, the district court correctly dismissed the § 1983 claim.

* * * *

We have considered Stahl's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court