Matter of Circle T Sterling, LLC v Town of Sterling Zoning Bd. of Appeals (2020 NY Slip Op 05348)





Matter of Circle T Sterling, LLC v Town of Sterling Zoning Bd. of Appeals


2020 NY Slip Op 05348


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


464 CA 19-01106

[*1]IN THE MATTER OF CIRCLE T STERLING, LLC, PETITIONER-APPELLANT,
v
TOWN OF STERLING ZONING BOARD OF APPEALS, RESPONDENT-RESPONDENT. DR. VIRGINIA M. FICHERA, LORRAINE L. RITCHIE, WILLIAM B. WELSH AND DELORES WELSH, INTERVENORS-RESPONDENTS. 






COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NADINE C. BELL OF COUNSEL), FOR PETITIONER-APPELLANT.
CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR RESPONDENT-RESPONDENT.
NEIL M. GINGOLD, FAYETTEVILLE, FOR INTERVENORS-RESPONDENTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered May 31, 2019 in a proceeding pursuant to CPLR article 78. The judgment, among other things, denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment that, inter alia, denied its CPLR article 78 petition seeking, among other things, to annul respondent's determination denying petitioner's application for an area variance. We affirm.
Petitioner owns a gravel mine. The prior owners of the mine previously sought and obtained the permits necessary to operate the mine. Their plan was to use two access roads to allow for trucks to travel to and from the mine. The access roads, however, did not comply with a local zoning regulation that requires a 1,000-foot setback from existing residences. The proposed area variance would provide relief from that regulation. A public hearing was held on April 27, 2015, at which time respondent's members unanimously approved the application for the area variance. One of the reasons for approval expressed by respondent's members was that noise emanating from the mine would be equivalent to that of farming activities prevalent throughout the community. An amended area variance, which eliminated one of the two access roads, was approved on September 24, 2015. In a prior related appeal, we vacated the determinations approving the area variances based on a jurisdictional defect, and we remitted the matter to respondent for a new determination (Matter of Fichera v New York State Dept. of Envtl. Conservation, 159 AD3d 1493, 1496 [4th Dept 2018]). In our decision in that appeal, we concluded that the appellants impermissibly relied on documents and reports, such as a Traffic and Noise Review, which were generated after respondent's determinations (id. at 1497).
A new public hearing was held on remittal. The record of the hearing included the Traffic and Noise Review, in which intervenors' engineer considered, inter alia, the frequency with which trucks would pass nearby residences under petitioner's proposed project. Furthermore, the engineer opined that the information provided to the Department of [*2]Environmental Conservation concerning the noise generated by the project was not developed by persons qualified to conduct sound testing or modeling, was not performed according to internationally accepted standards, and omitted critical sources of potential noise. In addition, several residents expressed concerns that the mine would destroy the "peace and quiet" in the neighborhood, with houses located only a few hundred feet from the access road experiencing noise, odor, and dust from passing trucks. Three of respondent's members expressed concern over potential noise. In the lengthy written determination denying petitioner's application, respondent stated, inter alia, that the "quiet and serene neighborhood would experience the noise of a truck entering or exiting the access road with acceleration and braking every 6 minutes" during the 58-hour work week for a projected 20-year period.
Petitioner contends that the determination denying the area variance is arbitrary and capricious because respondent was required either to reach the same result as in its prior two determinations or to explain its reasons for reaching a different result. We reject that contention. "[A] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001] [internal quotation marks omitted]; see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]). However, because respondent's prior determinations were vacated and thus are "null and void" (Fichera, 159 AD3d at 1496), those determinations have no precedential value. 
Contrary to petitioner's further contention, respondent's determination denying the area variance and its reasoning in support thereof are supported by substantial evidence. " 'A record contains substantial evidence to support an administrative determination when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof' " (Matter of Bounds v Village of Clifton Springs Zoning Bd. of Appeals, 137 AD3d 1759, 1760 [4th Dept 2016]; see Matter of B.P. Global Funds, Inc. v New York State Liq. Auth., 169 AD3d 1506, 1506 [4th Dept 2019]). Although the administrative record on the prior determinations contained largely unrefuted assertions that the proposed mining project would create only de minimis levels of increased noise, the administrative record on the present determination, which denied the area variance, casts serious doubt on those representations. Further, the minutes of respondent's proceedings reflect that the issue of increased noise was a factor that respondent's members weighed heavily in reaching their determination. The duty of weighing the conflicting evidence rested solely with respondent (see Bounds, 137 AD3d at 1760; see also Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957 [2d Dept 2019]), and we perceive no basis for disturbing its determination.
We have considered petitioner's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court