20-2789(L)
Uniformed Fire Officers Association et al. v. de Blasio et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-one.

PRESENT: AMALYA L. KEARSE,
 PIERRE N. LEVAL,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges*.

------------------------------------------------------------------

UNIFORMED FIRE OFFICERS ASSOCIATION;
UNIFORMED FIREFIGHTERS ASSOCIATION OF
GREATER NEW YORK; POLICE BENEVOLENT
ASSOCIATION OF THE CITY OF NEW YORK,
INC., CORRECTION OFFICERS' BENEVOLENT
ASSOCIATION OF THE CITY OF NEW YORK,
INC., SERGEANTS BENEVOLENT ASSOCIATION,
LIEUTENANTS BENEVOLENT ASSOCIATION,
CAPTAINS ENDOWMENT ASSOCIATION,
DETECTIVES' ENDOWMENT ASSOCIATION,

  *Plaintiffs-Appellants-Cross-Appellees*,

v.

No. 20-2789-cv(L)
No. 20-3177-cv(XAP)

BILL DE BLASIO, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF NEW YORK, CITY OF NEW YORK, NEW YORK CITY FIRE DEPARTMENT, DANIEL A. NIGRO, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, CYNTHIA BRANN, IN HER OFFICIAL CAPACITY AS THE COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, DERMOT F. SHEA, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT, FREDERICK DAVIE, IN HIS OFFICIAL CAPACITY AS THE CHAIR OF THE CIVILIAN COMPLAINT REVIEW BOARD, CIVILIAN COMPLAINT REVIEW BOARD,

*Defendants-Appellees*,

COMMUNITIES UNITED FOR POLICE REFORM,

*Intervenor-Defendant-Appellee-Cross-Appellant*.

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES:

ANTHONY P. COLES, DLA Piper LLP, New York, NY; Courtney Gilligan Saleski, DLA Piper LLP, Philadelphia, PA

FOR DEFENDANTS-APPELLEES:

ELINA DRUKER, Scott Shorr, Richard Dearing, *for* James E.

2

Johnson, Corporation Counsel of the City of New York, New York, NY

FOR INTERVENOR-DEFENDANT-APPELLEE-CROSS-APPELLANT:

TIFFANY R. WRIGHT, Howard University School of Law, Washington, DC (Alex V. Chachkes, Christopher J. Cariello, Rene A. Kathawala, Orrick, Herrington & Sutcliffe LLP, New York, NY, *on the brief*); Baher Azmy, Darius Charney, Center for Constitutional Rights, New York, NY

FOR AMICUS CURIAE NEW YORK CITY COUNCIL PROGRESSIVE CAUCUS:

Aaron Marks, Joseph M. Sanderson, Kirkland & Ellis LLP, New York, NY

FOR AMICI CURIAE NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, LATINOJUSTICE PRLDEF, LAW FOR BLACK LIVES:

Chris A. Hollinger, O'Melveny & Myers LLP, San Francisco, CA; Paul Wooten, O'Melveny & Myers LLP, New York, NY; Joe Greenbaum, Arthur Ago, John Fowler, Lawyers' Committee for Civil Rights Under Law, Washington, DC; Jin Hee Lee, Ashok Chandran, NAACP Legal Defense and Educational Fund, Inc., New York, NY; Juan Cartagena, LatinoJustice PRLDEF, New York, NY

FOR AMICUS CURIAE NEW YORK CIVIL LIBERTIES UNION:

Molly K. Biklen, Christopher Dunn, New York Civil Liberties Union Foundation, New York, NY; Jamie L. Wine, Lawrence E. Buterman, Samir Deger-Sen, Latham & Watkins LLP, New York, NY

FOR AMICI CURIAE NEW YORK STATE ASSOCIATION OF POLICE BENEVOLENT ASSOCIATIONS, AFFILIATED POLICE ASSOCIATIONS OF WESTCHESTER, ROCKLAND COUNTY POLICE BENEVOLENT ASSOCIATIONS:

Andrew C. Quinn, The Quinn Law Firm, P.L.L.C., White Plains, NY

FOR AMICI CURIAE THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, 31 NEWS MEDIA ORGANIZATIONS:

Katie Townsend, Bruce D. Brown, The Reporters Committee for Freedom of the Press, Washington, DC

FOR AMICUS CURIAE JUSTICE COMMITTEE INC.:

David L. Kornblau, Russell M. Squire, Covington & Burling LLP, New York, NY

FOR AMICUS CURIAE LAW ENFORCEMENT ACTION PARTNERSHIP:

Joel D. Bertocchi, Brian S. Fraser, Akerman LLP, New York, NY

FOR AMICI CURIAE GIRLS FOR GENDER EQUITY, TRANSGENDER LAW CENTER:

Joel M. Cohen, Shireen Barday, Katherine M. Marquart, Maya H. Nuland, Sarah L. Segal, Gibson, Dunn & Crutcher,

4

New York, NY; Julie Hamilton, Gibson, Dunn & Crutcher, Denver, CO

FOR AMICUS CURIAE NEW YORK STATE BLACK, PUERTO RICAN, HISPANIC & ASIAN LEGISLATIVE CAUCUS:

Pamela S.C. Reynolds, Littler Mendelson, P.C., Fairport, NY

FOR AMICUS CURIAE NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME, AFL-CIO:

Jeffrey P. Mans, Law Office of Jeffrey P. Mans, Albany, NY

FOR AMICUS CURIAE THE POLICE CONFERENCE OF NEW YORK, INC.:

James B. Tuttle, The Tuttle Law Firm, Clifton Park, NY

FOR AMICUS CURIAE SYRACUSE POLICE BENEVOLENT ASSOCIATION, INC.:

Roger W. Bradley, Elizabeth A. Genung, Melvin & Melvin, PLLC, Syracuse, NY

FOR AMICUS CURIAE NEW YORK STATE PROFESSIONAL FIRE FIGHTERS ASSOCIATION:

Richard S. Corenthal, Paul K. Brown, Archer, Byington, Glennon & Levine LLP, Melville, NY; Nathaniel G. Lambright, Blitman & King LLP, Syracuse, NY

FOR AMICI CURIAE FORMER PROSECUTORS ALVIN BRAGG, TARYN MERKL, CHIRAAG BAINS, NATHANIEL AKERMAN, G. MICHAEL BELLINGER, RICHARD

Joshua Colangelo-Bryan, Anthony P. Badaracco, Dorsey & Whitney LLP, New York, NY

5

F. ALBERT, ROLAND G. RIOPELLE,
ISABELLE A. KIRSHNER,
ALEXANDER RIAS, LAUREN-
BROOKE EISEN, XAVIER
DONALDSON:

| | |
|---|---|
| FOR AMICI CURIAE COMMON CAUSE/NEW YORK, REINVENT ALBANY, CITIZENS UNION, BETANYC: | Sean Murphy, Kamel Aitelaj, Milbank LLP, New York, NY |
| FOR AMICI CURIAE SUFFOLK COUNTY POLICE CONFERENCE, INC., SUFFOLK COUNTY POLICE BENEVOLENT ASSOCIATION, INC., METROPOLITAN TRANSPORTATION AUTHORITY POLICE BENEVOLENT ASSOCIATION, INC: | Alex J. Kaminski, Davis & Ferber, LLP, Islandia, NY |

Appeal from an order of the United States District Court for the Southern District of New York (Katherine P. Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

This appeal arises from the repeal of § 50-a of the New York Civil Rights Law, which for decades shielded law enforcement disciplinary records from public disclosure. Shortly after the repeal, New York City (the "City")

6

announced its intention to proactively publish certain types of disciplinary records and provide other records upon request consistent with its obligations under New York's Freedom of Information Law (FOIL), N.Y. Pub. Off. Law §§ 84–90. Several unions (the "Unions") representing uniformed members of the New York City Police Department ("NYPD"), the New York City Fire Department ("FDNY"), and the New York City Department of Correction ("DOC") filed this action against the City, the NYPD, the FDNY, the DOC, the Civilian Complaint Review Board ("CCRB"), and their principal officers. The Unions moved to preliminarily enjoin any disclosure of allegations of misconduct against their members that are unsubstantiated, unfounded, or non-final, or that resulted in an exoneration or a finding of not guilty. The District Court (Failla, J.) denied the motion in substantial part, but granted a limited preliminary injunction in favor of the Unions, which we explain further below. The Unions appealed from the denial of their motion, and Communities United for Police Reform ("CPR"), which intervened in this case, cross-appealed from the District's Court's limited preliminary injunction. Another panel of this Court granted a stay of the District Court's order pending disposition of this appeal.

We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>The Unions' Appeal: Preliminary Injunction in Aid of Arbitration</u>

We review the District Court's order for abuse of discretion. <u>See</u> <u>SG Cowen Sec. Corp. v. Messih</u>, 224 F.3d 79, 81 (2d Cir. 2000).

Each of the Unions' collective bargaining agreements ("CBAs") contains an arbitration provision, and the Unions ask the Court to enjoin the NYPD's and the CCRB's planned disclosures pending adjudication of their claims in arbitration. Under New York law, which governs the CBAs, a court may issue a preliminary injunction in aid of arbitration if the movant demonstrates that (1) absent a preliminary injunction, an award in arbitration "may be rendered ineffectual," (2) the movant is likely to succeed on the merits of the claim to be arbitrated, (3) there is a "danger of irreparable harm" to the movant should preliminary relief be denied, and (4) the balance of the equities "tips in the petitioner's favor." <u>Id.</u> at 81–84.

Here, the Unions assert that the planned disclosures will violate two provisions common to all of their CBAs. The District Court denied the Unions' motion for a preliminary injunction only as it related to the first provision, which states that upon an officer's "written request to the Chief of Personnel," NYPD "will . . . remove from the Personnel Folder investigative reports which, upon completion of the investigation are classified 'exonerated' and/or 'unfounded.'" App'x 1528. We agree with the District Court that this provision does not conflict with the planned public disclosures, substantially for the reasons set forth in the District Court's decision. Special App'x 19–21. Removal of such records from a personnel file, as called for by the CBAs, does not require eliminating them from all of the City's records. There is no contention that the City has failed to adhere to its obligation to remove the records from personnel files or has improperly considered them in connection with personnel decisions (such as promotion or termination). Moreover, to the extent that this claim implicates records that must be disclosed under FOIL, the NYPD cannot bargain away its disclosure obligations. Matter of M. Farbman & Sons v. N.Y.C. Health & Hosps. Corp., 62 N.Y.2d 75, 80, 476 N.Y.S.2d 69, 71 (1984). The District Court

therefore acted within its discretion when it concluded that the Unions failed to demonstrate a likelihood of success on the merits in the arbitration of this claim. See SG Cowen, 224 F.3d at 84.

2. The Unions' Appeal:  Preliminary Injunction Pending Resolution of Remaining Claims

"[D]istrict courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets either of two standards: (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor."  Trump v. Deutsche Bank AG, 943 F.3d 627, 635 (2d Cir. 2019) (quotation marks omitted), vacated and remanded on other grounds, 140 S. Ct. 2019 (2020).  We do not decide whether the Unions must satisfy one standard or the other here because we conclude that the District Court did not abuse its discretion under either standard.

A. Irreparable Harm

The Unions assert that law enforcement officers will have fewer employment opportunities in the future if records of the allegations against them that prove to be unfounded or unsubstantiated are disclosed, even though each

record will reveal the outcome of the investigation. But the District Court noted that future employers were unlikely to be misled by conduct records that contained "dispositional designations" specifying that allegations of misconduct were unsubstantiated, unfounded, or that the accused officer was exonerated. See Special App'x 14–15. As the District Court also noted, despite evidence that numerous other States make similar records available to the public, the Unions have pointed to no evidence from any jurisdiction that the availability of such records resulted in harm to employment opportunities. Id. For these reasons, the District Court did not abuse its discretion when it determined that the asserted harm was speculative and that the Unions had failed to demonstrate on this record that the officers will suffer irreparable harm to their employment opportunities that cannot be remedied by an award of lost wages. In general, "irreparable harm is not shown in employee discharge cases simply by a showing of financial distress or difficulties in obtaining other employment 'however severely they may affect a particular individual.'" Stewart v. INS, 762 F.2d 193, 199 (2d Cir. 1985) (quoting Sampson v. Murray, 415 U.S. 61, 92 n.68 (1974)).

11

We also address the Union's more general assertion of heightened danger and safety risks to police officers. We fully and unequivocally respect the dangers and risks police officers face every day. But we cannot say that the District Court abused its discretion when it determined that the Unions have not sufficiently demonstrated that those dangers and risks are likely to increase because of the City's planned disclosures. In arriving at that conclusion, we note again that many other States make similar misconduct records at least partially available to the public without any evidence of a resulting increase of danger to police officers. See App'x 1035–36, 1163, 2140–42.

B. The Merits

The Unions also have not raised sufficiently serious questions on the merits of their claims. First, the Unions assert a "stigma-plus" claim under the Federal and New York State Constitutions. Under both federal and state law, stigma-plus claims require the plaintiff to adequately demonstrate an "injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003); see Matter of Lee TT. v. Dowling,

87 N.Y.2d 699, 708, 642 N.Y.S.2d 181, 187 (1996). The Unions fail to demonstrate that any officer will be deprived of a tangible interest or property right. We have held that diminished future employment opportunities resulting from a damaged reputation, as opposed to some independent legal detriment, are not sufficient. See Sadallah v. City of Utica, 383 F.3d 34, 38–39 (2d Cir. 2004).[1]

The Unions' equal protection claims fare no better. Because law enforcement officers are not a protected class for equal protection purposes, they must show that there is no rational and nondiscriminatory basis to treat their records differently from the records of other public employees. See Sensational Smiles, LLC v. Mullen, 793 F.3d 281, 284 (2d Cir. 2015). Even the Unions recognize that "the unique responsibilities of law enforcement officers set them apart." Unions Br. 56. Because the public has a stronger legitimate interest in the disciplinary records of law enforcement officers than in those of other public employees, the District Court correctly determined that there was a rational, nondiscriminatory basis for treating the two sets of records differently.

---

[1] We assume, without deciding, that the protections provided by the New York State Constitution are equivalent to their federal counterparts, as no party has suggested otherwise.

13

Next, the Unions contend that when officers entered plea agreements in disciplinary proceedings, those agreements implicitly incorporated § 50-a of the Civil Rights Law. Again, we disagree. The New York Court of Appeals has cautioned that a contract "does not transform all statutory requirements that may otherwise be imposed under [the governing] law into contractual obligations," and it has "decline[d] to interpret [a contract] as impliedly stating something which [the signatories] have neglected to specifically include." Skanska USA Bldg. Inc. v. Atl. Yards B2 Owner, LLC, 31 N.Y.3d 1002, 1007, 74 N.Y.S.3d 805, 807–08 (2018) (quotation marks omitted). "[R]ead[ing] into . . . contracts terms that do not exist based on then-existing statutory language, . . . would protect against all changes in legislation, . . . [and] severely limit the ability of state legislatures to amend their regulatory legislation." Am. Econ. Ins. Co. v. State of N.Y., 30 N.Y.3d 136, 154, 65 N.Y.S.3d 94, 107 (2017) (quotation marks omitted). The Unions do not point to any legislative history in support of their argument, or to any evidence that the parties to the plea agreements intended to incorporate § 50-a as the Unions suggest. Nor do the Unions argue that § 50-a "affect[s] the validity, construction, and enforcement" of the plea agreements. Id.

The Unions also argue that the City's decision to publish certain disciplinary records without individualized review is arbitrary and capricious under Article 78 of the New York Civil Practice Law and Rules. See N.Y. C.P.L.R. §§ 7801, 7803(3). Substantially for the reasons provided by the District Court in its order, we reject their argument. As the District Court observed, the City appears to still recognize those specific FOIL exemptions that are designed to protect against unwarranted invasions of personal privacy or endangering a person's safety. See N.Y. Pub. Off. Law § 87(2)(b), (f).

Alternatively, the Unions assert that it was arbitrary and capricious for the City to change without explanation its established practice of asserting that records relating to unsubstantiated allegations should be withheld under FOIL's exemption for documents whose disclosure would constitute an unwarranted invasion of privacy. See Unions Br. 48–51; Matter of Charles A. Field Delivery Serv., Inc., 66 N.Y.2d 516, 520, 498 N.Y.S.2d 111, 115 (1985). But that practice, if it ever existed, appears to have ended no later than 2017. See App'x 1614, 1643. And any change in the CCRB's position was adequately explained by the Mayor's public remarks following the repeal of § 50-a. See Transcript: Mayor de

15

*Blasio Holds Media Availability*, NYC.gov (June 17, 2020), available at

https://www1.nyc.gov/office-of-the-mayor/news/446-20/transcript-mayor-de-

blasio-holds-media-availability.

      C. Balance of the Equities

      As for the balance of the equities, the Unions argue that the equities favor a preliminary injunction because disclosure of information is permanent, while those who seek information will suffer only delay if an injunction is entered. We do not doubt the sincerity of the Unions' concerns. As several amici point out, however, delay for victims unable to obtain information about the status of their complaints is itself costly both for them and for various other stakeholders in the criminal justice system, see, e.g., Brief for Former Prosecutors as Amici Curiae Supporting Intervenor-Defendant-Appellee-Cross-Appellant 6–10, as well as the press, see Brief for The Reporters Committee for Freedom of the Press & 31 News Media Organizations as Amici Curiae Supporting of Intervenor-Defendant-Appellee-Cross-Appellant 15–21. Because the Unions' stated interests are counterbalanced by other important policies, the District Court did not abuse its

discretion in determining that the balance of the equities does not tip in their favor.

### 3. CPR's Cross-Appeal

The District Court granted the Unions' motion for a preliminary injunction in aid of arbitration as it related to the second provision of the CBAs relevant to this appeal, Section 8.[2]  Under Section 8, a police officer who has "been charged with a 'Schedule A' violation as listed in [the] Patrol Guide," proceeds to a disciplinary trial on such charge, and is not determined guilty may "petition the Police Commissioner for a review for the purpose of expunging the record of the case."  App'x 1528.  On its cross-appeal, CPR argues that the District Court's decision to enjoin the disclosure of these records was an abuse of discretion because the NYPD cannot bargain away its FOIL obligations.  See CPR Br. 22–29, 70–73.[3]  But on this record, we conclude that enforcing Section 8 would not affect

---

[2]  The relevant provision appears in Section 8 of most, but not all, CBAs.  Like the District Court, we refer only to its usual location for ease and clarity.

[3] We are not persuaded by the Unions' contention that CPR lacks standing to appeal because it is not a signatory to the CBAs.  CPR is injured by the injunction because it prevents the NYPD from fulfilling CPR's FOIL request for documents covered by this provision.  CPR argues that the CBAs impermissibly deprive it of rights guaranteed by FOIL.

17

those obligations. As the City notes, "Schedule A" lists "technical violations," City Br. 16, such as "[i]mproper uniform or equipment" and "[r]eporting late for duty," N.Y. Police Dep't Patrol Guide 206-03 Schedule A (effective April 20, 2017). And under New York law, "a law enforcement agency may redact records pertaining to technical infractions . . . prior to disclosing such records" pursuant to FOIL. N.Y. Pub. Off. Law § 89(2-c). Accordingly, we conclude that the District Court did not abuse its discretion in preliminarily enjoining disclosure of these records. If CPR can show that "Schedule A" violations include anything other than "[t]echnical infraction[s]" as defined by New York law, see N.Y. Pub. Off. Law § 86(9), it may move the District Court for appropriate relief, see Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 141 (2d Cir. 2005).

We have considered the Unions' remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's order is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

18