Matter of Tarkington v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01877)

Matter of Tarkington v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01877

Decided on April 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2023

Before: Webber, J.P., Oing, Singh, González, Mendez, JJ. 

Index No. 151772/22 Appeal No. 10 Case No. 2022-04202 

[*1]In the Matter of Patricia Tarkington, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal et al., Respondents-Respondents.

Himmelstein McConnell Gribben & Joseph LLP, New York (Jesse Gribben of counsel), for appellant.
Mark F. Palomino, New York (Sandra A. Joseph of counsel), for New York State Division of Housing and Community Renewal, respondent.
Rosenberg & Estis, P.C., New York (Justin S. Weitzman of counsel), for 44 Street Development LLC, respondent.

Order and judgment (one paper) of the Supreme Court, New York County (Lyle E. Frank, J.), entered September 8, 2022, which denied the petition to annul the December 29, 2021 determination of respondent agency (DHCR) finding that it did not have jurisdiction to consider whether respondent owner failed to proffer a renewal lease on the same terms and conditions where the owner sought to terminate a utility allowance that had previously reduced the preferential rent, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The agency's determination was not arbitrary and capricious and was rationally based on the administrative record (see CPLR 7803[3]; Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The record shows that a regulatory agreement between the owner and nonparty New York State Housing Finance Agency (HFA), and a related lease rider, require HFA approval of the amount of the utility allowance each year, which amount is factored into the maximum rent payable. Contrary to petitioner's contention, the issue of whether another agency has properly approved the utility allowance and legal rent is distinct from whether an already-filed rent registration should be amended to reflect the legal rent that the other agency previously approved (compare Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 519-520 [1985]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2023